IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM CHARLES TAYLOR | § | |
| | § | |
| V. | § | A-12-CA-164-LY |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number D-1-DC-300708. Petitioner was convicted of aggravated assault with a deadly weapon and was sentenced to 23 years in prison on September 12, 2007. Petitioner indicates his appeal was dismissed on November 13, 2007. Petitioner did not timely file a petition for discretionary review.

Petitioner also challenged his conviction in at least four state applications for habeas corpus relief. Petitioner asserts he filed his first state application on May 6 or May 13, 2009. The Texas Court of Criminal Appeals denied Petitioner's first application without written order on the findings of the trial court without a hearing on July 28, 2010. Ex parte Taylor, Appl. No. 58,904-06. Petitioner indicates he filed his second state application on September 27, 2010. The Texas Court of Criminal Appeals dismissed the application as successive on November 10, 2010. Ex parte Taylor, Appl. No. 58,904-07. Petitioner does not make clear the date he filed his third application. Nevertheless, the Texas Court of Criminal Appeals dismissed the third application as successive on April 6, 2011. Ex parte Taylor, Appl. No. 58,904-08. Petitioner indicates he filed his fourth state application on May 2, 2011. The Texas Court of Criminal Appeals dismissed the fourth application as successive on July 13, 2011. Ex parte Taylor, Appl. No. 58,904-09.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The trial court failed to appoint counsel for an appeal;
2. The trial court failed to appoint counsel for a motion for new trial;
3. He received ineffective assistance of counsel; and
4. He is actually innocent of being a habitual felony offender.

## II.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

2

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.   Application**

Petitioner's conviction became final, at the latest, on December 13, 2007, at the conclusion of time during which he could have timely filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Therefore, Petitioner had until December 13, 2008, to timely file his federal application for habeas corpus relief. Petitioner did not execute his federal application until February 16, 2012, after the limitations period had expired. Petitioner's state applications did not operate to toll the limitations period, because they were all filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner appears to recognize his application is untimely and suggests his application may be reviewed under the actual-innocence exception. The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). The Fifth Circuit has previously held that such claims do not. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent"); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired).

Moreover, a habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup v. Delo, 513 U.S. 298, 326–27, 115 S. Ct. 851 (1995); see also House v. Bell, 547 U.S. 518, 126 S. Ct. 2064 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623–624, 118 S. Ct. 1604 (1998). In this case, Petitioner has made no attempt to show he was actually innocent.

In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE